TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00694-CR

NO. 03-11-00837-CR






Frank Corona, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT

NOS. CR22,261 & CR22,539, THE HONORABLE ED MAGRE, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 In April 2009, appellant Frank Corona pleaded guilty to the state jail felony offense
of forgery and was placed on deferred adjudication community supervision. See Tex. Penal Code
Ann. § 32.21 (West 2011); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2011). In
October 2009, after appellant pleaded true to violating the conditions of supervision, the trial court
granted the State's motion to adjudicate and again placed appellant on community supervision. See
Tex. Code Crim. Proc. Ann. art. 42.12, §§ 3, 21, 23 (West Supp. 2011). On that same date, appellant
was also placed on community supervision for the state jail felony offense of reckless injury to a
child after he pleaded guilty to that offense. (1) See Tex. Penal Code Ann. § 22.04(a)(3), (f) (West
Supp. 2011); Tex. Code Crim. Proc. Ann. art. 42.12, § 3 (West Supp. 2011).

 In July 2011, the State filed motions to revoke in both cases, alleging numerous
violations, including the commission of new offenses, the failure to seek and maintain gainful
employment, and the failure to pay court costs, restitution (in the forgery case), and various fees. (2) 
Appellant pleaded not true to the allegations. Following a hearing in October 2011, the trial court
found that appellant had violated the conditions of supervision as alleged and granted the State's
motions to revoke his community supervision in both cases. The court revoked appellant's
community supervision and assessed his punishment at eighteen months' confinement in a state jail
facility for each offense, ordering the sentences to run concurrently. See Tex. Code Crim. Proc. Ann.
art. 42.12, § 23; Tex. Penal Code Ann. § 12.35 (West Supp. 2011).

 In each case, appellant's court-appointed attorney has filed a motion to withdraw
supported by a brief concluding that the appeal is frivolous and without merit. The briefs meet the
requirements of Anders v. California by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced. See Anders v. California,
386 U.S. 738, 744 (1967); Garner v. State, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); see also
Penson v. Ohio, 488 U.S. 75 (1988). Appellant's counsel sent appellant copies of the brief along
with a letter advising appellant of his right to examine the appellate records and file a pro se brief. 
See Anders, 386 U.S. at 744; Garner, 300 S.W.3d at 766. No pro se brief or other written response
has been filed in either case.

 We have reviewed the records, including appellate counsel's briefs and the evidence
presented at the revocation hearing, and find no reversible error. See Anders, 386 U.S. at 744;
Garner, 300 S.W.3d at 766; Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We
agree with counsel that the records present no arguably meritorious grounds for review and the
appeals are frivolous. Counsel's motions to withdraw are granted. The judgments of conviction
are affirmed.


 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: June 29, 2012

Do Not Publish
1. The record reflects that the commission of this injury-to-a-child offense was one of the
violations of appellant's deferred adjudication community supervision.
2. The motions to revoke contained the same alleged violations except for the failure to pay
restitution and the failure to pay community supervision fees alleged only in the forgery case.